# ORIGINAL



U.S. DISTRICT C...
DISTRICT ... WYOMING

... 2 0 2007
4:45pm
Stephan Harns, Clerk
Casper

Frank R. Chapman
Thomas A. Valdez
CHAPMAN VALDEZ
P.O. Box 2710
Casper, Wy 82602-2710
307-237-1983

Monte L. Neilan
DOUGLAS, KELLY, OSTDIEK, BARTLES AND NEILAN
P.O. Box 419
Scottsbluff, NE 69363
(308) 632-7191

*United States District Court*

*For the District of Wyoming*

|  |  |  |
|---|---|---|
| BRENDA ROGERS, | ) | Case No. 07 CV 302 - D |
| Personal Representative of | ) | |
| Estate of Joshua Chase Rogers; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHEYENNE; | ) | |
| BOB FECHT, Cheyenne Chief of Police; | ) | |
| JAMES PETERSON; | ) | |
| HEBER EDWARDS; | ) | |
| DEFENDANT DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Receipt # 96CC0731
Summons: 1 issued
_____ not issued

The above-named Plaintiff brings this complaint through the undersigned counsel, Frank R. Chapman and Thomas A. Valdez of Chapman Valdez, and Monte L. Neilan of Douglas, Kelly, Ostdiek, Bartels and Neilan, PC. The following facts and allegations support the claims against the named and unknown defendants.

## INTRODUCTION

On November 25, 2005, Joshua Chase Rogers was assaulted, battered, shot, and killed by officers of the City of Cheyenne Police Department. Joshua was sitting in the driver's seat of a green sport utility vehicle as Officer Peterson approached on foot. Officer Peterson instructed Joshua to place both hands outside of the driver's window. Joshua complied. Officer Peterson instructed Joshua to reach back inside with one hand, shut off the vehicle, and then place both hands back outside the driver's window. Joshua complied. Officer Peterson approached the driver's door and handcuffed Joshua's left wrist. Joshua complied. Officer Peterson opened the driver's door. Joshua complied. Officer Peterson attempted to forcibly remove Joshua from the vehicle using the handcuff on Joshua's left wrist in a pain/response "come along" maneuver. Joshua recoiled in pain. Officer Peterson sprayed Joshua in the face with a chemical agent. Joshua could not breathe and Joshua could not see. In the meanwhile, Officer Edwards arrived on the scene and positioned himself in front of Joshua's vehicle. Officer Peterson began punching Joshua in the nose. Joshua did not fight, he tried to flee. Officer Peterson drew his service pistol and started shooting. Joshua began driving away. Officer Edwards drew his service pistol and opened fire on Joshua. As a result, Joshua died.

This is an action for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as pursuant to the law of the State of Wyoming. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the jurisdiction of this Court to entertain claims arising under Wyoming state law.

2

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because some claims arise under the Constitution and laws of the United States. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because the case is maintained to redress the deprivation – under color of state law, statute, ordinance, regulation, custom or usage – of rights, privileges and immunities secured by the Constitution pursuant to 42 U.S.C. § 1983.

3. The Court also has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

4. With regard to the state law claims, the Plaintiff has complied with the Wyoming Governmental Claims Act, W.S. § 1-39-101 et seq., as well as any other applicable state law claim requirements, by executing appropriate notice of claim in accordance with Wyoming law under penalty of perjury and presenting said claim as required by law on October 29, 2007. A copy of said claim is attached hereto as Exhibit 1 and incorporated herein by this reference.

5. Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this case is the United States District Court for the District of Wyoming because the acts and omissions complained of herein occurred with the District of Wyoming.

6. All claims herein are upon information and belief unless otherwise stated.

## PARTIES

7. Plaintiff, Brenda Rogers, the duly appointed Personal Representative of the Estate of Joshua Chase Rogers, was at all material times a United States citizen and resident of Cheyenne, Wyoming.

3

8.     Defendant Officers James Peterson and Heber Edwards were at all times relevant to this Complaint, residents of the State of Wyoming and duly appointed and acting peace officers of the City of Cheyenne, Wyoming Police Department.

9.     Defendant Chief of Police Bob Fecht was at all times relevant to this Complaint a resident of the State of Wyoming and a duly appointed and acting peace officer of the City of Cheyenne, Wyoming Police Department, and was responsible for, and in a position to, supervise, train, control, discipline, and implement policies concerning Defendant Officers.

10.   Defendant, the City of Cheyenne was at all material times a municipal corporation organized under the laws of the State of Wyoming.  Pursuant to its powers and as part of its governing, the City of Cheyenne created, operated, and controlled the City of Cheyenne Police Department to include, at all material times, responsibility for the establishment, authorization, and application of the regulations, rules, customs, usages, policies, procedures, and habits concerning the training, supervision, and formation/implementation of policies concerning the conduct of Cheyenne Police Department officers, employees, and/or representatives as well as the operations of the Cheyenne Police Department itself.

11.   Defendant Does 1-10 are present or past officers or officials of the Cheyenne Police Department or other law enforcement agencies, whose identities are not known at present, and who were duly appointed and acting peace officers.

12.   All Defendants are being sued in their individual and/or official capacities.

13.   At all times pertinent to the facts giving rise to this Complaint, Defendants Peterson, Edwards, and Fecht were employed by the Cheyenne Police Department or other local government office associated with the State of Wyoming, Laramie County, or the City of Cheyenne, as law enforcement officers.

14.   Any and all acts, errors or omissions, herein alleged to have been committed by the Defendants were committed within the scope of their duties of employment or service with the City of Cheyenne and/or the Cheyenne Police Department or other governmental/law enforcement agency.

15.   Any and all actions or inactions of these Defendants, and each of them, in relation to the allegations contained herein, were committed under color of state law.

4

## FACTS COMMON TO ALL CAUSES OF ACTION

16. By this reference, the Plaintiff incorporates each and every foregoing allegation.

17. On November 25, 2005, Joshua had custody of his four year old son for the Thanksgiving holiday weekend. The two were at the Cheyenne, Wyoming residence of Joshua's parents.

18. At approximately 9:00 pm, Kenzie Marquardt, the mother of Joshua's son, arrived at that residence, together with her half-sister, Courtney Budnick.

19. Joshua and his father, Terry Rogers, began arguing and there was an altercation involving those two. During that altercation, Kenzie took the boy and departed the residence in a Toyota pickup being operated by Courtney.

20. A short time later, Joshua Rogers departed the residence in a green Mercury SUV hoping to find Kenzie and Courtney and have his son returned to him for the remainder of the holiday weekend.

21. Joshua located and followed the Toyota pickup, with Courtney, Kenzie, and his son still inside. Joshua would get Courtney to stop by pulling his vehicle in front of hers. But, when Joshua would get out of his SUV, Courtney would again drive away.

22. While Joshua and Courtney were driving, Kenzie called the police using a cellular telephone. Shortly thereafter, officers of the Cheyenne Police Department arrived on the scene.

23. Joshua was seated in the driver's seat of a green Mercury SUV as Officer Peterson approached on foot. Officer Peterson instructed Joshua to place both hands outside of the driver's window. Joshua complied.

24. Officer Peterson instructed Joshua to reach back inside with one hand, shut off the vehicle, and then place both hands back outside the driver's window. Joshua complied.

25. Officer Peterson approached the driver's door and handcuffed Joshua's left wrist. Joshua complied.

26. Officer Peterson opened the driver's door. Joshua complied.

27. Officer Peterson attempted to forcibly remove Joshua from the vehicle using the handcuff on Joshua's left wrist in a pain/response "come along" maneuver. Joshua recoiled in pain.

5

28.  Officer Peterson sprayed Joshua in the face with a chemical agent.  Joshua struggled to breathe and struggled to see.

29.  In the meanwhile, Officer Edwards arrived on the scene and positioned himself in front of Joshua's vehicle.

30.  Office Edwards watched while Officer Peterson began punching Joshua in the nose. Joshua did not fight, he tried to flee.

31.  Officer Peterson drew his service pistol and started shooting.  Joshua began driving away.

32.  Officer Edwards drew his service pistol and opened fire on Joshua.  Joshua was struck by bullet through his heart and consciously suffered great physical and mental pain and anguish.

33.  Joshua braked the green SUV to a stop on the side of the road and remained seated there.  An officer of the Cheyenne Police Department pulled him from the vehicle and onto the ground.

34.  Joshua suffered, bled, and died there on the side of the road.

35.  Joshua was unarmed at all material times.

36.  Kenzie's father, Kevin Marquardt, is the duly appointed conservator for Joshua's minor son.

37.  Joshua and his next of kin were injured and damaged as a direct and proximate result of the conduct of the Defendants, and each of them, as described herein.

## COUNT I – FOURTH AND/OR FOURTEENTH AMENDMENT VIOLATION WRONGFUL ARREST/DETENTION – 42 U.S.C. § 1983

38.  Plaintiff incorporates all the foregoing allegations in this, the First Count.

39.  Defendant Peterson arrested and detained Joshua without probable cause or legal justification in violation of Wyoming state law.

40.  Defendant Peterson arrested and detained Joshua without probable cause or legal justification in violation of the regulations, rules, customs, usages, policies, procedures, and habits concerning the conduct of Cheyenne Police Department officers, employees, and/or representatives.

41. Defendant Peterson arrested and detained Joshua without probable cause and without legal justification proximately causing the injuries and damages, as referenced herein, in violation of his Fourth and/or Fourteenth Amendment rights.

42. The acts, errors and omissions of Defendant Peterson as described herein were intentional, wanton, willful and/or reckless entitling the Plaintiff to an award of punitive damages.

## COUNT II – FOURTH AND/OR FOURTEENTH AMENDMENT VIOLATION
## EXCESSIVE FORCE – 42 U.S.C. § 1983

43. Plaintiff incorporates all the foregoing allegations in this, the Second Count.

44. During aforesaid arrest and detention, whether or not the same was without probable cause and/or without legal justification, the Defendant Officers' use of the pain/response "come along" technique, use of the chemical agent, use of strikes to Joshua's nose, and use of firearms, individually and/or collectively, constituted an excessive use of force proximately causing Joshua injury in violation of his Fourth and/or Fourteenth Amendment rights.

45. The Defendant Officers' use of force was in violation of law and the regulations, rules, customs, usages, policies, procedures, and habits concerning the conduct of Cheyenne Police Department officers, employees, and/or representatives.

46. At the time that Defendant Peterson began shooting, Joshua posed no significant threat of death or serious physical injury to either Defendant Peterson, other law enforcement officers, or the public even if Joshua were not immediately apprehended. As a result, Defendant Peterson's use of deadly force was objectively unreasonable and totally without justification.

47. At the time Defendant Edwards began shooting, Joshua posed no significant threat of death or serious physical injury to either Defendant Edwards, other law enforcement officers, or the public even if Joshua were not immediately apprehended. As a result, Defendant Edwards' use of deadly force was objectively unreasonable and totally without justification.

48. The Defendant Officers' use of force was clearly excessive and proximately caused the injuries and damages, as referenced herein, in violation of his Fourth and/or Fourteenth Amendment rights.

7

49.   The acts, errors and omissions of the Defendant Officers as described herein were intentional, wanton, willful and/or reckless entitling the Plaintiff to an award of punitive damages.

## COUNT III – STATE LAW – FALSE ARREST AND DETENTION

50.   Plaintiff incorporates all the foregoing allegations in this, the Third Count.

51.   Defendant Peterson arrested and detained Joshua without probable cause or legal justification in violation of Wyoming state law.

52.   Defendant Peterson's arrest and detention of Joshua was in violation of the regulations, rules, customs, usages, policies, procedures, and habits concerning the conduct of Cheyenne Police Department officers, employees, and/or representatives.

53.   Defendant Peterson's arrest and detention of Joshua proximately caused the injuries and damages as referenced herein.

## COUNT IV – STATE LAW – NEGLIGENCE

54.   Plaintiff incorporates the foregoing allegations in this the Fourth Count.

55.   Defendants the City of Cheyenne, the Cheyenne Police Department, and Chief of Police Fecht owed a duty to citizens, such as Joshua, to field only police officers who were well-trained, restrained in their use of force, and otherwise competent to protect the rights of citizens, such as Joshua, without inflicting unnecessary harm or damage.

56.   Defendants the City of Cheyenne, the Cheyenne Police Department, and Chief of Police Fecht failed and/or refused to use reasonable care in hiring, screening, training and/or supervising Officers Peterson and Edwards to carry out their duties as peace officers in a manner that was well-trained, restrained, orderly, competent, or lawful.

57.   The aforesaid negligence of Defendants the City of Cheyenne, the Cheyenne Police Department, and Chief of Police Fecht proximately caused the injuries and damages as referenced herein.

## COUNT V – FOURTH, EIGHTH, FOURTEENTH AMENDMENT VIOLATIONS
## SURVIVAL -- 42 U.S.C. § 1983

58.  Plaintiff incorporates the foregoing allegations in this the Fifth Count.

59.  The conduct of Defendants, and each of them, as described above deprived Joshua: of his right to be secure in his person against unreasonable searches and seizure as guaranteed to him under the Fourth Amendment to the United States Constitution; of his right not to be subjected to any cruel or unusual punishment as secured to the him under the Eighth Amendment to the United States Constitution; and of his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

60.  As a direct and proximate result of the unlawful conduct of the Defendants, and each of them, as described above, Joshua suffered physical pain, mental anguish, embarrassment, humiliation, a loss of ability to enjoy normal and usual activities, loss of income, a total and complete change in Joshua's entire being.

61.  Joshua's claims under the United States Constitution survive his death pursuant to 42 U.S.C § 1988 and interpretive case law making such claims actionable through his estate despite state statutory law which may be to the contrary.  *See generally:* Carlson v. Green, 466 U.S. 14 (1979); Rosa v. Cantrell, 705 F.2d 1208 (D. Wyo. 1982).

62.  The acts, errors and omissions of the Defendants as described herein were intentional, wanton, willful and/or reckless entitling the Plaintiff to an award of punitive damages.

## COUNT VI – FOURTH, EIGHTH, FOURTEENTH AMENDMENT VIOLATIONS
## WRONGFUL DEATH -- 42 U.S.C. § 1983

63.  Plaintiff incorporates the foregoing allegations in this the Sixth Count.

64.  The conduct of Defendants, and each of them, as described above deprived Joshua: of his right to be secure in his person against unreasonable searches and seizure as guaranteed to him under the Fourth Amendment to the United States Constitution; of his right not to be subjected to any cruel or unusual punishment as secured to the him under the Eighth Amendment to the United

9

States Constitution; and of his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

65. As a direct and proximate result of the unlawful conduct of the Defendants, and each of them, as described above, Joshua's next of kin have suffered a loss of his past, present, and future companionship, society, and comfort.

66. The acts, errors and omissions of the Defendants as described herein were intentional, wanton, willful and/or reckless entitling the Plaintiff to an award of punitive damages.

## COUNT VII – ATTORNEY'S FEES
## PURSUANT TO 42 U.S.C. § 1988

67. Plaintiff incorporates the foregoing allegations in this the Seventh Count.

68. The Plaintiff has incurred reasonable attorney's fees and expenses to pursue the causes of action for deprivation of rights guaranteed by the Constitution and laws of the United States under color of state law, and inextricably intertwined state law claims.

69. The Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiffs pray for relief on all of the causes of action as follows:

A. Judgment in favor of the Plaintiff, and against the named and unknown Defendants, and each of them, in an amount sufficient to compensate for the causally related injuries sustained and losses incurred.

B. An award of punitive damages for the defendants' intentional, wanton, willful and/or reckless conduct.

C. An award of attorney's fees pursuant to 42 U.S.C. § 1988.

D. An award of costs and such other, further, and different relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of November, 2007

BRENDA ROGERS, Personal Representative of the
Estate of Joshua Chase Rogers

By: _____
    One of her Attorneys
Frank R. Chapman
Thomas A. Valdez
CHAPMAN VALDEZ
P.O. Box 2710
Casper, Wyoming 82602
(307) 237-1983

Monte L. Neilan, WSBA 6-3151
DOUGLAS, KELLY, OSTDIEK,
BARTELS and NEILAN
a professional corporation
Post Office Box 419
Scottsbluff, NE 69363-0419
Telephone: (308) 632-7191
Fax: (308) 635-1387
e-mail: mneilan@scottsblufflaw.com

## CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT
### (Wyo. Stat. Ann., 1977, §§ 1-39-101 et seq.)

TO:   Mayor Jack Spiker
      OFFICE OF THE MAYOR
      2101 O'Neil Avenue, Room 310
      Cheyenne, WY 82001

      Bill Tennant
      Risk Manager
      OFFICE OF THE RISK MANAGER
      2101 O'Neil Avenue
      Cheyenne, Wy 82001

      CITY CLERK DEPARTMENT
      2101 O'Neil Ave., Room 101
      Cheyenne, Wyoming 82001

      CITY ATTORNEY
      2101 O'Neil Avenue, Room 308
      Cheyenne, Wyoming 82001

Re:   Joshua Chase Rogers

Pursuant to the Wyoming Governmental Claims Act (W. S. § 1-39-101 et

seq.) Brenda Rogers personally and as the Personal Representative of the Estate of

Joshua Chase Rogers hereby submits the following claims to and against City of

Cheyenne, Wyoming.

### 1. TIME PLACE AND CIRCUMSTANCES OF THE LOSS AND INJURY

On November 25, 2005, Joshua Rogers was at his parents home where he

was residing. He had his four year old son with him for the Thanksgiving

Weekend. Joshua had legitimate legal custody of his son for the weekend.

Kenzie Marquardt, the mother of Joshua Rogers son came to the residence at

approximately 9:00 pm and had an altercation with Joshua. Kenzie Marquardt then left the residence in a vehicle with her sister Courtney Budnick and took the boy with her. Joshua Rogers left the residence and went to find Kenzie Marquardt to get his son and return with him for the remainder of the weekend.

When Joshua Rogers parents and brother realized that he had left the residence Jeremiah Rogers, Josh's brother called 911 and asked the police to find Joshua. After calling the police Terry Rogers, Josh's father and Jeremiah Rogers left he residence and attempted to locate Joshua.

Joshua Rogers found Kenzie Marquardt and Courtney Budnick's vehicle and attempted to get them to stop the vehicle by pulling in front of them. Kenzie Marquardt used Budnick's work cell phone to call the police and ask for assistance. Shortly thereafter the Cheyenne Police arrived on the scene.

Budnick attempted to back her vehicle away from the scene but a Police Officer Peterson came to her vehicle and told her not to leave. Cheyenne Police Officer Peterson then approached Joshua Rogers vehicle and attempted to get him to exit his vehicle. Joshua Rogers initially complied with Officer Peterson's requests until Officer Peterson attempted to handcuff Rogers. Rogers drove away. Officer Peterson used his service revolver and shot out Joshua Rogers back tire. Joshua Rogers continued driving. Officer Edwards who had just arrived on the scene drew his service revolver and shot five times striking Joshua Rogers in the

chest killing him. Joshua Rogers was unarmed at all times during his encounter with the Cheyenne Police Officers and at the time of his death.

The public employees involved include but are not limited to Cheyenne Police Department Officers Trammel, Edwards, Marquer, Harper, Fahling, DeBall, Wood, Wheeler, Simmer and Stanford.

Brenda Rogers, as the Personal Representative of the estate of Joshua Chase Rogers alleges that the City of Cheyenne, through it's employees and agents acting within the scope of their duties and employment and agency, was negligent in the supervision and training of its officers. That its officers were negligent in their duties, used excessive force and failed to use reasonable and objective care in their dealing with Joshua Chase Rogers. The behavior of the Cheyenne Police Officers was malicious, intentional, wanton, reckless and/or grossly negligent. That its officers and agents acting within the scope of their duties and employment and agency violated the constitutional and civil rights of Joshua Chase Rogers pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution as well as pursuant to the common law of the State of Wyoming.

The Claimants, present this notice of claim requesting monetary redress for their injuries.

## 2. NAME AND RESIDENCE OF CLAIMANTS AND THEIR ATTORNEYS

The, name and residence of the claimant is: The Estate of Joshua Chase Rogers by and through it Persona l Representative Brenda Rogers, 3730 Rawlins St, Cheyenne, Wyoming 82001. The name and address of the attorneys for claimants is: Frank R. Chapman and Thomas A. Valdez, of Chapman Valdez, P.O. Box 2710, Casper, Wyoming 82602 and Monte L. Neilan of Douglas, Kelly, Ostdiek, Bartles and Neilan, P.O. Box 419, Scottsbluff, NE 69363.

### 3. AMOUNT OF COMPENSATION DEMANDED

For compensation of her State law claims, Claimant demands the maximum amount the State can pay under any applicable policy of insurance or under the WGCA, whichever is higher.

Such damages are for the loss of probable future companionship, society and comfort. As well as any other monetary or pecuniary loss sustained including medical and funeral expenses and all other expenses that may have been incurred in association with Joshua Roger's death.

For compensation of her Federal law claims, Claimant demands such amount as to invoke the jurisdiction of the Federal Court or the maximum amount allowable under any applicable policy of insurance whichever is higher.

For attorney's fees and costs and as for other relief, Claimants demand a written public apology from the public employees involved in a form acceptable to them.

Dated this _____ day of October, 2007

Brenda Rogers, As the Personal Representative of the Estate of Joshua Rogers

## CERTIFICATION UNDER PENALTY OF PERJURY

**Wyoming Statute § 6-5-301. Perjury in judicial, legislative or administrative proceedings; penalties, provides as follows:**

> (a) A person commits perjury if, while under a lawfully administered oath or affirmation, he knowingly testifies falsely or makes a false affidavit, certificate, declaration, deposition or statement, in a judicial, legislative or administrative proceeding in which an oath or affirmation may be required by law, touching a matter material to a point in question.

> (b) Perjury is a felony punishable by imprisonment for not more than five (5) years, a fine of not more than five thousand dollars ($5,000.00), or both.

I, Brenda Rogers have read and understand the provisions of the perjury statute. I herby hereby certify under the penalty of perjury that the matters contained in the foregoing claim, including all of its attachment, if any, are true and accurate.

Brenda Rogers

STATE OF WYOMING )
                        ) ss:
COUNTY OF LARAMIE )

Subscribed and sworn to before me this _____ day of October, 2007, by Brenda Rogers

Witness my hand and official seal.

Notary Public

My Commission Expires: \\-\3-C\



Claim Under Wyoming Governmental Claims Act
City of Cheyenne, Wyoming
Page 5

Dated this 20th Day October, 2007

Frank R. Chapman
Thomas A. Valdez
Attorney for Claimant
CHAPMAN VALDEZ
P.O. Box 2710
Casper, Wyoming 82602
307-237-1983

Monte L. Neilan
Douglas, Kelly, Ostdiek, Bartles and
Neilan
P.O. Box 419
Scottsbluff, NE  69363.

## CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT

*(Wyo. Stat. Ann., 1999, §§ 1-39-109 et seq.)*

## APPOINTMENT TO SERVE NOTICE OF CLAIM

Re:    Joshua Rogers

At the request of the Claimants, and in compliance with *Wyo. Stat. Ann., 1999, §§ 1-39-113(c)*, I hereby appoint Rick Sargent, of Cheyenne, Wyoming, a person duly qualified, to serve this **NOTICE OF CLAIM** upon:

Mayor Jack Spiker
OFFICE OF THE MAYOR
2101 O'Neil Avenue, Room 310
Cheyenne, WY 82001

Bill Tennant
Risk Manager
OFFICE OF THE RISK MANAGER
2101 O'Neil Avenue
Cheyenne, Wy 82001

CITY CLERK DEPARTMENT
2101 O'Neil Ave., Room 101
Cheyenne, Wyoming 82001

CITY ATTORNEY
2101 O'Neil Avenue, Room 308
Cheyenne, Wyoming 82001

Frank R. Chapman
Thomas A. Valdez
Attorney for Claimant
CHAPMAN VALDEZ
P.O. Box 2710
Casper, Wyoming 82602
307-237-1983

## CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT

*(Wyo. Stat. Ann., 1999, §§ 1-39-109 et seq.)*

### AFFIDAVIT OF SERVICE

TO:   CITY ATTORNEY
2101 O'Neil Avenue, Room 308
Cheyenne, Wyoming 82001

Re:   Joshua Chase Rogers

STATE OF WYOMING          )
                          )SS
COUNTY OF LARAMIE         )

I hereby certify that I served the attached **NOTICE OF CLAIM**   on City of

Cheyenne, Wyoming by filing it with the _C ITY   ATTORNEYS office_ pursuant

to *Wyo. Stat. Ann., 1999, §§ 1-39-113 (c),* by delivery personally and in person to

_LRRA   White_____ on this _29_ day of October, 2007

Process Server

Subscribed and sworn to before me by_____ this 29th day
of October, 2007

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _11-13-0Y_

# CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT

*(Wyo. Stat. Ann., 1999, §§ 1-39-109 et seq.)*

## <u>AFFIDAVIT OF SERVICE</u>

TO:  Mayor Jack Spiker
OFFICE OF THE MAYOR
2101 O'Neil Avenue, Room 310
Cheyenne, WY  82001


Re:  Joshua Chase Rogers


STATE OF WYOMING         )
                                              )SS
COUNTY OF LARAMIE       )


I hereby certify that I served the attached **NOTICE OF CLAIM**   on City of

Cheyenne, Wyoming by filing it with the *Office of The Mayor* pursuant

to *Wyo. Stat. Ann., 1999, §§ 1-39-113 (c)*, by delivery personally and in person to

*Virginia. Riley* on this *29* day of October, 2007

*Rick Sargent*
Process Server

Subscribed and sworn to before me by *Rick Sargent* this *29th* day
of October, 2007

Witness my hand and official seal.

*Andrea Redenbaugh*
Notary Public

My Commission Expires: *11-13-08*

## CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT

*(Wyo. Stat. Ann., 1999, §§ 1-39-109 et seq.)*

### **AFFIDAVIT OF SERVICE**

TO:   Bill Tennant
      Risk Manager
      OFFICE OF THE RISK MANAGER
      2101 O'Neil Avenue
      Cheyenne, Wy 82001


Re:   Joshua Chase Rogers


STATE OF WYOMING          )
                          )SS
COUNTY OF LARAMIE         )


I hereby certify that I served the attached   **NOTICE OF CLAIM**   on City of

Cheyenne, Wyoming by filing it with the *Office of Risk Management* pursuant

to *Wyo. Stat. Ann., 1999, §§ 1-39-113 (c)*, by delivery personally and in person to

*Wendy K. Kade accepting* on this _29_ day of October, 2007

Kick Sargent
Process Server

Subscribed and sworn to before me by _Kick Sargent_ this _29th_ day
of October, 2007

Witness my hand and official seal.

Andrea Redenbaugh
Notary Public
COUNTY OF LARAMIE    STATE OF WYOMING
MY COMMISSION EXPIRES

Andrea Redenbaugh
Notary Public

My Commission Expires:  _11-13-08_

## CLAIM UNDER WYOMING GOVERNMENTAL CLAIMS ACT

*(Wyo. Stat. Ann., 1999, §§ 1-39-109 et seq.)*

### AFFIDAVIT OF SERVICE

TO:   CITY CLERK DEPARTMENT
2101 O'Neil Ave., Room 101
Cheyenne, Wyoming 82001

Re:   Joshua Chase Rogers

STATE OF WYOMING      )
                  )SS
COUNTY OF LARAMIE     )

I hereby certify that I served the attached **NOTICE OF CLAIM** on City of Cheyenne, Wyoming by filing it with the _CITY Clerks office_ pursuant to *Wyo. Stat. Ann., 1999, §§ 1-39-113 (c),* by delivery personally and in person to _Wendy KiNKADE At City Clerks office_ on this _29_ day of October, 2007

_Rick Sargent_
Process Server

Subscribed and sworn to before me by _Rick Sargent_ this _31st_ day of October, 2007

Witness my hand and official seal.

ANDREA REDENBAUGH — NOTARY PUBLIC
COUNTY OF LARAMIE — STATE OF WYOMING
MY COMMISSION ...

_Andrea Redenbaugh_
Notary Public

My Commission Expires:  _11-13-08_